UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAMIREZ REYNOSO, A 087-965-481,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACTILITY, et al.,<br>Respondents. | No. 1:26-cv-7592 DAD AC<br><br>ORDER |

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The petition that petitioner has been detained at California City Detention Facility since April 2, 2026, and has not received a bond hearing to determine whether detention is warranted. ECF No. 1. These facts, without more, are insufficient to support petitioner's claim that he has been denied due process under the Fifth Amendment.

Because it is not clear that leave to amend would be futile, petitioner will be given an opportunity to amend the petition. **An amended petition should, at a minimum, provide factual allegations regarding petitioner's country of birth and/or citizenship, the duration of**

**petitioner's presence in the United States, the circumstances that led to petitioner current detention, whether petitioner has previously been detained and/or released by immigration authorities, whether he has any pending applications for immigration relief (e.g. asylum, adjustment of status, cancellation of removal, U-visa, etc.), whether an immigration judge has previously ordered him removed, and if so, whether petitioner timely appealed that decision.**

Petitioner will also be afforded an opportunity to file a motion to proceed in forma pauperis (a request that this court waive the filing fee) or pay the $5 filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within **thirty days** of the service of this order, petitioner may file an amended petition that provides factual allegations to support each claim for relief, and a motion to proceed in forma pauperis or pay the $5 filing fee. Failure to do so will result in a recommendation that this action be dismissed.

2. The Clerk of the Court is directed to send petitioner an Application to Proceed In Forma Pauperis by a Prisoner.

3. To ensure this court's jurisdiction to resolve the pending § 2241 petition, respondents shall not transfer petitioner outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"). This order does not prohibit the temporary transfer of petitioner outside of the district for urgent medical care, though petitioner shall be returned to the district upon the conclusion of such care. As soon as practicable, respondents shall notify the court of any such transfer.

DATED: September 28, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE